BABER *v.* HICKS.

5-3386                                                    ˙ 384 S. W. 2d 267

Opinion delivered November 23, 1964.

[Rehearing denied December 21, 1964.]

*James H. Pilkington,* for appellant.

*W. S. Atkins,* for appellee.

GEORGE ROSE SMITH, J. For at least eighteen years the appellants, the W. T. Babers, and Annie Lurane Christian were close friends. From time to time during those years Mrs. Christian lived in the Babers' home at Ozan and later at Hope. This case concerns a conveyance that Mrs. Christian made to the Babers on August 8, 1962. By this deed Mrs. Christian conveyed 187 acres of land to the Babers in consideration for their promise to take her into their home and support her for the rest of her life. In the deed Mrs. Christian reserved a life estate in the land, which had produced an income of about $800 a year.

After the execution of the deed in August the parties lived together in harmony until Mrs. Christian accepted an invitation to visit relatives in Tennessee and Virginia at Christmas. That visit eventually proved to be so extended that Mrs. Christian never returned permanently to Arkansas. In May, 1963, Mrs. Christian's niece, the appellee Myrna Hicks, obtained an appointment in Virginia as Mrs. Christian's guardian, admittedly with a view to bringing this suit to set aside the deed for undue influence and mental incapacity.

After an extended trial the chancellor directed that the deed be canceled. In reviewing the record *de novo* we are concerned only with an issue of fact. In our opinion the decree is against the weight of the evidence, which we summarize in sufficient detail to explain our decision. The issues of undue influence and mental weakness blend together, as they usually do in cases of this kind; so we will not attempt to discuss them separately.

Mrs. Christian was 79 years old when she executed the deed. Her husband had died in 1937. Her only child, a son, died in 1945. After her son's death Mrs. Christian lived in the Babers' home for about two years, and their friendship continued thereafter.

During her widowhood Mrs. Christian was self-supporting. In addition to looking after the property that she and her husband had owned she worked as the bookkeeper for a cotton gin company and served efficiently as the city treasurer of Ozan. Her employment in both capacities lasted until a few months before she executed the deed to the Babers. For a year or more before that time Mrs. Christian had occupied her own home in Ozan.

A month or so before the execution of the deed Mrs. Christian returned to the Babers' home in Hope, apparently because of ill health attributable to the growth of a goiter. The goiter was removed on July 19. Upon leaving the hospital Mrs. Christian resumed her residence with the Babers and remained with them until she went to visit her relatives at Christmas.

The deed was executed on August 8. It was prepared by Mrs. Christian's own attorney, O. A. Graves, whose high character is not questioned by the appellee. The contract for life-time support does not appear to have been a short-sighted arrangement from Mrs. Christian's point of view. The land was worth only about $22,000. Under the terms of the deed Mrs. Christian not only obtained the assurance of a permanent home with friends of long standing; she also reserved to herself the income from the land for the rest of her life. The chancellor, in his written opinion, gave some emphasis to the thought that under the contract Mrs. Christian would be required to pay her own medical expenses, but we can find no provision to this effect in the deed or elsewhere in the proof.

On the issue of mental incapacity the appellee offered much testimony to show that from about 1961 Mrs. Christian had been very nervous and had suffered a marked loss of weight. It does not appear, however, that these infirmities seriously affected her ability to manage her own affairs. Between the execution of the deed in August and her departure from Hope in December Mrs. Christian continued to drive her own car and to look after her own affairs. She renewed leases with two tenants for the coming year, took care of the insurance upon her car, and negotiated the sale of her home in Ozan. It is especially significant that although Mrs. Hicks, the appellee, insists that her aunt was incompetent in August of 1962, Mrs. Hicks herself renewed Mrs. Christian's Arkansas driver's license in the following February and completed the sale of the Ozan house under a power of attorney executed by Mrs. Christian in March. If Mrs. Christian was incompetent to enter into a contract with the Babers in August it is difficult to believe that she was competent to give Mrs. Hicks a power of attorney seven months later.

The medical evidence is pretty well balanced. Two physicians who had examined Mrs. Christian for the purpose of testifying in the case were of the opinion that she was not of sufficient mental capacity to execute the

deed. Her own doctor, however, who had treated her both before and after the deed was signed, expressed the opposite opinion. It is also shown that Mrs. Christian was confined to the State Hospital for two short periods after her husband was killed in 1937, but the proof does not establish any permanent impairment of her mind. In fact, she testified at the trial in much detail, with no indication of incoherence. We are not impressed by her statement that Mrs. Baber persuaded her to enter into the contract for support by representing that she alone could keep Mrs. Christian from being confined again to the State Hospital. This rather improbable suggestion is really the appellee's principal basis for arguing that there was an exertion of undue influence.

Upon the record as a whole we are persuaded that Mrs. Christian's dissatisfaction with her contract is the result not of its invalidity in the first instance but of a change of mind on her part after she left the Babers' home. In setting aside the chancellor's decree we recognize, of course, that Mrs. Christian is still entitled to make her home with the appellants in accordance with the terms of the agreement.

Reversed.

McFADDIN, J., not participating.